# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3014 | **DATE** | 3/10/2011 |
| **CASE TITLE** | USA vs. David Phillips | | |

**DOCKET ENTRY TEXT**

Defendant's motion for a certificate of appealability [66] is granted.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On April 7, 2010, David Phillips' § 2255 motion was denied by order entered on February 23, 2011, with an opinion expressing in full the court's reasons therefor. On May 7, 2010, the court denied a certificate of appealability. The reasons given were as follows:

> Phillips asserted one ground for relief in his § 2255 petition: that he received ineffective assistance of counsel during plea negotiations. Phillips claimed his retained counsel, Shannon Lynch, had an actual conflict of interest because he had previously represented a potential witness in his case and therefore rendered ineffective assistance when Shannon urged him to plead guilty in order to avoid cross-examining his former client. This court denied Phillips's claim for relief because he failed to show that an actual conflict of interest existed, as required by *Hall* v. *United States*, 371 F.3d 969, 973 (7th Cir. 2004) (When a petitioner's counsel has previously represented an adverse witness, petitioner must show "either (1) that the attorney's representation of the first client was substantially and particularly related to his later representation of defendant, or (2) that the attorney actually learned particular confidential information during the prior representation of the witness that was relevant to defendant's later case." (citations omitted) (internal quotation marks omitted)).

While an appeal was pending, defendant moved before this court under F.R.Civ. P. 60(b) to vacate or correct his sentence. The same issue was presented but by different counsel, who made a far more thorough presentation of the ground for relief. Nonetheless, this court denied the motion, again with a full statement of reasons. Phillips has appealed and has again applied for a certificate of appealability.

A habeas petitioner is entitled to a certificate of appealability if he can make a "substantial showing of a denial of a constitutional right." *Miller-El* v. *Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931

| STATEMENT |
|---|

(2003) (citing 28 U.S.C. § 2253(c)(2)). For any claims that the district court found to be procedurally defaulted, a petitioner can only make the requisite showing by demonstrating that reasonable jurists would find it debatable (1) whether the petition stated a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Slack* v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). As to non-defaulted claims, a petitioner must demonstrate that reasonable jurists could (1) disagree with the district court's resolution of his constitutional claims or (2) conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Determination of whether to issue a certificate of appealability is a threshold question that neither requires nor permits full consideration of the factual and legal merits of the claims. *Id.* at 336. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342.

Although this court remains persuaded that defendant was not denied a constitutional right, it is unable to say with the same confidence that the issue presented is not adequate to deserve encouragement to proceed further. In that sentiment, it will grant the certificate.